UNITED STATES of America, Plaintiff–Appellee,

v.

James S. HOLLAND, Defendant–Appellant.

No. 88–5543.

United States Court of Appeals, Eleventh Circuit.

June 7, 1989.

Mel Black, Miami, Fla., for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Guy A. Lewis, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT and JOHNSON, Circuit Judges, and BROWN *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

In this case, James S. Holland appeals the district court's revocation of his probation and one aspect of the district court's resentencing pursuant to 18 U.S.C.A. § 3653.[1] We affirm.

## I. FACTS

Holland was engaged in the maritime construction business in Marathon, Florida. On February 21, 1984, Holland pleaded guilty to eight counts of violating the Clean Waters Act, 33 U.S.C.A. § 1311, which prohibits knowing discharge of certain pollutants without federal authorization, and three counts of violating the Rivers and Harbors Act, 33 U.S.C.A. § 403, which prohibits obstruction, excavation and filling of navigable waters without federal authorization. On June 7, 1985, the district court suspended the sentence to be imposed as to all counts and placed Holland on probation for five years with the sentence of probation as to each count to be served concurrently.[2] Condition One of his probation was that he "refrain from violation of any law (federal, state and local)."

On August 25, 1987, Holland's probation officer filed a Petition for Probation Action, claiming that Holland had violated Condition One of his probation on three occasions. After conducting two evidentiary hearings, the district court revoked Holland's probation on May 27, 1988. The district court fined Holland $10,000 and sentenced him to six months confinement on each of nine of the original counts against him, to be served concurrently. As to the remaining two counts, Holland was restored to probation until June 7, 1990. As a special condition of that probation, the court ordered Holland not to engage in maritime contracting again until his term of probation expired. Holland challenges the district court's decision to revoke his probation and the district court's imposition of this special condition of probation as part of his resentencing.

## II. DISCUSSION

### 1. Revocation of Probation

Two complementary statutes provide the district court with authority to supervise Holland's probation. Under 18 U.S.C.A. § 3651[3] the district court is authorized to "suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." The Section also gives the district court authority to "revoke or modify any condition of probation." Under 18 U.S.C.A. § 3653 the district court may, upon proof of a probation violation, "revoke the probation and ... if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." Evidence of a probation violation presented by the government must "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that

---

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Section 3653 was repealed by the Sentencing Reform Act, Pub.L. 98–473, § 212(a)(2), 98 Stat. 1987 (1984). However, the repeal applies only to offenses committed after November 1, 1987. Pub.L. 98–473, § 235, 98 Stat. 2031 (1984), amended, Pub.L. 99–217, §§ 4, 99 Stat. 1728 (1985). Holland pleaded guilty to the substantive offenses underlying his probation in 1984.

2. As special conditions of his probation, he was ordered to complete restoration work on a number of pieces of land in accordance with U.S. Army Corps of Engineers specifications, and he was required to complete four hundred hours of community service over the term of probation.

3. This section was repealed by the Sentencing Reform Act and remains applicable only to offenses committed before November 1, 1987. See supra note 1.

would establish guilt beyond a reasonable doubt is not required." *United States v. Rice,* 671 F.2d 455, 458 (11th Cir.1982).

▊ Once the district court has determined that the probationer has violated his probation, it must determine whether the violation warrants revocation. *United States v. Diaz–Burgos,* 601 F.2d 983, 985 (9th Cir.1979). In assessing the probationer's conduct, the district court should consider whether the probationer made a "good faith" effort to comply with the terms of his probation and whether there are mitigating circumstances which excuse his noncompliance. *See United States v. Landay,* 513 F.2d 306, 308 (5th Cir.1975) ("In considering the revocation of probation the trial court must convince itself that the defendant has not in good faith attempted to comply with the conditions of his probation."); *United States v. Savage,* 440 F.2d 1237, 1239 (5th Cir.1971) (district court cannot revoke appellant's probation unless it finds that failure to meet condition of probation was due to appellant's fault); *cf. Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972) (mitigating circumstances should be considered in determining whether parole revocation is warranted). However, the ultimate decision to revoke probation is entrusted to the sound discretion of the district court and should be disturbed only upon a finding of abuse of that discretion. *Rice,* 671 F.2d at 458–59; *accord United States v. James,* 848 F.2d 160, 162 (11th Cir.1988). Further, in evaluating the decision to revoke probation, we will accept all findings of fact made by the district court unless we determine they are clearly erroneous. Fed.R.Civ.P. 52(a).

▊ The district court found Holland violated Condition One of his probation on three separate occasions. The first violation occurred in relation to the "Hanson

property" which was located in the City of Key Colony Beach. During April, 1986, Holland supervised the construction of a wooden dock and a concrete bulkhead on the property. The government claimed that, in connection with this construction, Holland engaged in unauthorized dredging and bulkheading in violation of 33 U.S.C.A. § 403 and unauthorized filling of wetlands in violation of 33 U.S.C.A. § 1344. Holland testified that the owner had obtained what Holland thought were the necessary permits, which included only dock and bulkhead permits from the City of Key Colony Beach but no specific federal authorization.[4] At the evidentiary hearings, he presented testimony from a number of witnesses who stated that less than ten cubic yards of material were removed during dredging of the waterway in preparation for the construction. The Army Corps of Engineers allows dredging of less than ten cubic yards from navigable waterways without a federal permit.[5] However, Curtis Kruer, a U.S. Army Corps of Engineers biologist, testified that approximately twenty cubic yards of material had been dredged from the waterway by Holland. Kruer further stated that formal authorization, in the form of a Corps permit, should have been obtained prior to construction of the bulkhead. The district court found as a fact that Holland had dredged and back-filled the Hanson property in violation of federal law. Credibility determinations made by the district court are entitled to deference by a reviewing court. Fed.R. Civ.P. 52(a); *cf. United States v. Gonzalez,* 719 F.2d 1516, 1521–22 (11th Cir.1983), *cert. denied,* 465 U.S. 1037, 104 S.Ct. 1312, 79 L.Ed.2d 710 (1984) (in assessing sufficiency of evidence to support criminal conviction, reviewing court must accept reasonable inference and credibility choices made by fact-finder). The district court's

---

4. Holland also testified that he relied on an Army Corps of Engineers General Permit, issued in 1986 for the entire City of Key Colony Beach, which allowed property owners there to construct bulkheads. However, the bulkhead on the Hanson property was not constructed in accordance with the general permit's specifications.

5. Section 330.5 of the Army Corps of Engineers Nationwide Permits for Specific Activity provides that no individual authorization by the Corps is needed in connection with dock or bulkhead construction if less than ten cubic yards of material is dredged from a navigable waterway.

finding that Holland violated his probation by supervising unauthorized construction on the Hanson property is not clearly erroneous.

The district court found that a second violation occurred in relation to the "Falgo property." During the summer of 1987 Holland supervised construction of an unauthorized "T" dock on the property and drilled holes for the dock pilings in violation of 33 U.S.C.A. § 403. The owner of the property had obtained a Corps permit authorizing construction of a simple shoreline dock. The owner then obtained a state permit allowing him to build a much larger T dock. The T dock which Holland eventually constructed was thus not authorized by the Corps permit. Holland claimed that he was unaware of the conflict between the state and federal permits when he supervised construction of the T dock in early 1987. However, he admitted that instead of checking the permits himself, he relied on the owner's representation that the owner had received the appropriate permits. The district court found that it is generally the responsibility of a maritime contractor to ensure that the proper permits have been obtained before construction commences and, in case of conflict, the contractor is generally responsible for bringing the conflict to the attention of the state and federal authorities so they can resolve it. We conclude that the district court was not clearly erroneous in finding that Holland violated federal law when he supervised construction of the dock on the Falgo property.

Finally, the district court found that Holland violated Florida law in the spring of 1987 by conducting unauthorized dredging and filling activities on the "Cocoplum Beach property." *See* Fla.Stat.Ann. § 403.913 (West 1986 & Supp.1989) (dredging and filling activities in wetlands prohibited without state permit). Evidence presented to the district court established that the Cocoplum Beach property was protected wetland and that it was cleared without obtaining the proper state permit.[6]

Holland claimed that he had no idea that the property was wetland and that he simply allowed the owner to rent a bulldozer and a bulldozer operator from him to clear the land. The district court found that, under the circumstances, Holland should have checked the status of the land to be cleared by the owner and thus found Holland violated state law when he conducted unauthorized dredging and filling activities on protected wetland property. We conclude that the district court's finding that Holland violated his probation on this occasion was not clearly erroneous.

After finding Holland in violation of his probation on all three occasions discussed above, the district court concluded that Holland's probation should be revoked and that he should be resentenced. In light of the evidence demonstrating Holland's continuing violation of the federal and state environmental laws, especially given that adherence to these laws was a specific condition of his probation, we cannot conclude that the district court abused its discretion in revoking Holland's probation.

### 2. Resentencing

Holland also challenges one aspect of his resentencing. He contends that the special condition of his continued probation prohibiting him from maritime contracting for two years will deprive him of his livelihood. He does not challenge the district court's power under 18 U.S.C.A. § 3653 to impose a special condition of probation as part of his resentencing, but argues only that the condition imposed is unnecessarily harsh under the circumstances.

When resentencing a defendant after probation has been revoked, the district court may impose any sentence which might originally have been imposed. 18 U.S.C.A. § 3653. This includes the alternative of imposing another term of probation. *Smith v. United States*, 505 F.2d 893, 895 (5th Cir.1974). It is logical to conclude that the district court has the same broad power

---

6. The owner had obtained a clearing permit from Monroe County in August, 1986 but no

permit had been obtained from the State Department of Environmental Regulation.

to fashion appropriate conditions of probation at resentencing as it has under 18 U.S.C.A. § 3651, which authorizes setting conditions for the initial probation. As long as the conditions imposed bear a "reasonable relationship" to the rehabilitation of the probationer and the protection of the public, they should not be held to constitute an abuse of discretion. *United States v. Tonry*, 605 F.2d 144, 147 (5th Cir.1979); *United States v. Villarin Gerena*, 553 F.2d 723, 727 (1st Cir.1977); *Porth v. Templar*, 453 F.2d 330, 333 (10th Cir.1971).

■ The district court found it necessary to impose the special condition upon Holland's continued probation in light of Holland's continuing illegal activities in violation of federal and state environmental laws. This type of work restriction is not unprecedented in cases where the sentencing judge determines that such a severe restriction is necessary in balancing the twin goals of probation, rehabilitation of the probationer and protection of the public. *See United States v. Brockway*, 769 F.2d 263, 264–65 (5th Cir.1985) (special condition of probation that defendant not serve as law enforcement official during term of probation reasonably related to twin goals of defendant's rehabilitation and protection of the public); *Villarin*, 553 F.2d at 726–27 (special condition of probation prohibited police officer from police work during period of probation after he illegally beat a civilian while on duty); *United States v. Bishop*, 537 F.2d 1184, 1186 (4th Cir.1976)

(special condition of probation required defendant not to frequent any racetrack or other type of gambling establishment during period of probation even though defendant was gainfully employed as a handicapper of horses).[7] The prohibition from engaging in maritime construction does not prevent Holland from seeking other gainful employment during the period of probation. He may work in the construction business as long as he does not engage specifically in maritime construction.[8] He can lease his equipment and the other assets of his business to another maritime contractor and still receive profits from the venture. After June 7, 1990, he can once again work as a maritime contractor. While the condition is admittedly harsh, we do not think that this condition imposed on a contractor with a continuing history of environmental law violations constitutes an abuse of discretion on the part of the district court.[9]

## III. CONCLUSION

Given that we conclude the district court did not abuse its discretion in revoking Holland's probation or in imposing an additional special condition on his continued probation, we AFFIRM the district court.

7. Holland suggests that the district court could have chosen a less restrictive alternative that would accomplish the same goals. For example, the district court could have required Holland to clear each of his proposed maritime construction contracts with his probation officer, thereby ensuring that each proposed construction project would be carried out under appropriate state and federal permits. While this was certainly an option for the district court, we review the district court's decision only to determine if the district court abused its discretionary authority to impose conditions that bear a "reasonable relationship" to the goals of probation. We conclude that the district court did not abuse its discretion when it chose a more restrictive condition than Holland would have liked.

8. Testimony in the record suggests that Holland has previous experience as a construction work-

er and that his company did occasionally take non-maritime construction jobs.

9. Holland also alleges that this action constitutes a taking without due process in violation of the Fifth Amendment. *See Owens v. Kelley*, 681 F.2d 1362, 1366 (11th Cir.1982) (challenged condition will pass constitutional muster only if reasonably related to purposes of probation and is not unduly intrusive on constitutionally protected freedoms). As noted above, Holland is not prohibited from making a living in the construction business or from leasing his equipment and the other assets of his business, but only from participating himself in the activity. Holland cites no cases which hold that, under these circumstances, he has suffered a taking in violation of the Fifth Amendment.