**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5349

EFRAIM HARVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CR-95-47)

Submitted: April 15, 1996

Decided: April 29, 1996

Before ERVIN and MOTZ, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randy V. Cargill, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Thomas L. Eckert, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Efraim Harvey appeals the district court judgment revoking his probation and imposing a sentence of forty-five months imprisonment. Harvey contends that the district court erred in admitting eight positive urinalysis laboratory reports without sufficient indicia of reliability. Further, Harvey alleges that insufficient evidence supported the revocation of his probation. We affirm.

In the probation revocation context, hearsay evidence is admissible if it is "demonstrably reliable." United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir.), cert. denied, 459 U.S. 1010 (1982). We have considered and reviewed the lab reports, but we conclude that any inconsistencies in the labelling of the reports do not warrant reversal. We also find it extremely unlikely that all eight reports were incorrectly handled. Harvey offered no evidence concerning that importance of the inconsistencies to which he refers, and he did not testify at the hearing.

Evidence of a probation violation must "reasonably satisfy" the court that the Defendant has violated the terms of his probation. Evidence beyond a reasonable doubt is not required. United States v. Holland, 874 F.2d 1470, 1472-73 (11th Cir. 1989); see also United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968). We review the district court's finding that Harvey violated his probation under an abuse of discretion standard. Holland, 874 F.2d at 1474.

Harvey's conditions of probation required him to refrain from the possession or use of any narcotic or controlled substance except as prescribed by a physician. In light of Harvey's eight positive drug screens, we conclude that the district court did not abuse its discretion in revoking Harvey's probation. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2