**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 97-4643

MICHAEL DAVID REED,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-59-F)

Submitted: February 17, 1998

Decided: April 17, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Anne Margaret Hayes, OFFICE OF THE UNITED
STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael David Reed appeals the district court's order revoking his probation and sentencing him to twelve months imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that the sentence was plainly unreasonable given the mitigating circumstances and the district court's failure to consider the sentencing factors listed in 18 U.S.C.A. § 3553 (West 1985 & Supp. 1997). Reed was notified of his right to file an additional brief but has not done so. Finding no error, we affirm.

Reed pled guilty pursuant to a plea agreement to larceny of personal property, in violation of 18 U.S.C.A. § 661 (West Supp. 1997). He was placed on probation for five years. Within two months, his probation officer moved to revoke probation on the grounds that Reed failed to report weekly to the probation office as directed and had absconded supervision. Reed admitted the offenses, but argued that extenuating family circumstances justified them.

The district court has broad discretion to revoke probation if a condition of probation has been violated. United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968). Evidence of a probation violation must "reasonably satisfy" the court that the defendant violated the terms of probation. United States v. Holland, 874 F.2d 1470, 1472-73 (11th Cir. 1989). We review a finding of a probation violation for abuse of discretion. Id. at 1473.

Reed admitted the factual violations of the conditions of his probation. The district court imposed a sentence within the original guideline range of six to twelve months. This court gives due deference to the district court's application of the guidelines to the facts. 18 U.S.C.A. § 3742(e) (West Supp. 1997). The record shows that the district court was aware of the nature and circumstances of the offense

2

and of Reed's circumstances. He had already given Reed an opportunity to serve his sentence without incarceration while living with his family and working in the community. Therefore, the district court adequately considered the factors of § 3553, and the sentence was not in error.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. This Court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3