**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chasity J. SHREWSBURY,
Defendant–Appellant.**

**No. 01–4295.**

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2002.

Before MERRITT and DAUGHTREY,
Circuit Judges; and RUSSELL, District
Judge.*

*ORDER*

Chasity J. Shrewsbury appeals a district
court judgment that revoked her probation
and imposed an additional term of impris-
onment. The parties have expressly waived
oral argument, and the panel unanimously
agrees that it is not needed in this case.
Fed. R.App. P. 34(a).

In 2000, Shrewsbury pleaded guilty to
using a communication facility to further a
drug offense. *See* 21 U.S.C. § 843(b).
She was sentenced to three years proba-
tion and a $2,000 fine.

In 2001, Shrewsbury's probation officer
reported that she had been arrested on
several drug-related charges in Kansas.
Thus, Shrewsbury was charged with violat-
ing the terms of her federal probation: 1)

by committing another offense; 2) by fail-
ing to notify the probation office of her
arrest; 3) by leaving the district without
authorization; and 4) by failing to submit a
truthful report.

A hearing was held on November 9,
2001, and Shrewsbury admitted that she
had committed the Grade C violations that
were alleged in the second, third and
fourth charges of the report. The district
court also found that she had committed a
Grade A violation by conspiring to trans-
port 104 pounds of marijuana in a van
from California to Ohio. Thus, the court
revoked Shrewsbury's probation, sentenc-
ing her to sixteen months of imprisonment
and one year of supervised release. It is
from this judgment that she now appeals.

We review the decision to revoke
Shrewsbury's probation for an abuse of
discretion, while examining the district
court's factual findings for clear error.
*See United States v. Williams,* 15 F.3d
1356, 1364 (6th Cir.1994); *United States v.
Holland,* 874 F.2d 1470, 1473 (11th Cir.
1989).

Shrewsbury's current sentence was au-
thorized by 21 U.S.C. § 843(d)(1), as it
established a four-year statutory maximum
for her underlying conviction. *See* 18
U.S.C. § 3565(a)(2). The district court
also considered the non-binding policy
statements in the sentencing guidelines,
which recommended a sentencing range of
at least twelve to eighteen months when a
probationer with a criminal history catego-
ry of I commits a Grade A violation. *See*
USSG § 7B1.4(a), p.s. (2000).

Grade A violations include a state "con-
trolled substance offense" that is punisha-
ble by more than one year of imprison-
ment. USSG § 7B1.1(a)(1), p.s. (2000).

---

* The Honorable Thomas B. Russell, United
States District Judge for the Western District
of Kentucky, sitting by designation.

Shrewsbury now argues that simple possession is not a controlled substance offense under the sentencing guidelines, as it does not involve the intended or actual "manufacture, import, export, distribution, or dispensing of a controlled substance." USSG § 4B1.2(b) (2000). Thus, she argues that her arrest was no more than a Grade C violation because she did not know anything about the drugs that were found in the van. This argument is unavailing because the district court is not bound by the policy statements in the sentencing guidelines. *See United States v. West,* 59 F.3d 32, 35–36 (6th Cir.1995).

In addition, there was ample support for the court's finding that Shrewsbury had committed a Grade A violation, as it is undisputed that she was driving an escort vehicle for the van. The record also indicates that Shrewsbury had signed receipts for a hotel and for the van's tow and repair bills in California. It also includes an entry from the state court in Kansas, which shows that she pleaded guilty to an amended charge of possessing marijuana. In light of this evidence, the district court did not commit clear error by discounting Shrewsbury's testimony that she did not have any knowledge of the marijuana that was found in the van. *See United States v. Lowenstein,* 108 F.3d 80, 86 (6th Cir.1997); *Holland,* 874 F.2d at 1473–74.

Accordingly, the district court's judgment is affirmed.