**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dena C. BROGDON, Defendant–Appellant.**

No. 02–6137.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before KEITH, COLE, and COOK, Circuit Judges.

### ORDER

Dena Brogdon appeals a district court judgment that revoked her sentence of four years of probation. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Brogdon was charged with violating several conditions of her probation. Following a lengthy revocation hearing, the district court determined that Brogdon had committed the violations charged. The district court revoked Brogdon's initial probation, ordered that Brogdon serve a five-year term of probation, and ordered that Brogdon spend six months of that time in a halfway house.

In her timely appeal, Brogdon's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Brogdon was notified of counsel's motion to withdraw, but she has filed no response.

We will grant the motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings. Counsel submits that there is no nonfrivolous issue for appeal, and our independent review of the record confirms this submission.

The district court did not err by revoking Brogdon's probation. Although she disputed the circumstances of her probation violations, Brogdon admitted that she: used and possessed a controlled substance, failed to complete an assigned program for mental health and substance abuse counseling, failed to take any steps toward obtaining a G.E.D., failed to report to her probation officer, and failed to follow her probation officer's instructions.

The record also reveals that Brogdon was properly sentenced. We review the decision to revoke Brogdon's probation for an abuse of discretion, while examining the district court's factual findings for clear error. *United States v. Williams,* 15 F.3d 1356, 1364 (6th Cir.1994); *United States v. Holland,* 874 F.2d 1470, 1473 (11th Cir. 1989). The sentencing guideline policy statements concerning the imposition of a sentence following the revocation of supervised release (or probation) are merely advisory and do not bind the sentencing court. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998).

Although Brogdon's violations qualified her to be sentenced to 3–to–9 months of imprisonment, *see* USSG § 7B1.4 (p.s.), the court essentially granted her a down-

ward departure. The sentence imposed was lenient, showed consideration of the relevant statutory factors, and was not plainly unreasonable. 18 U.S.C. §§ 3553, 3583(e), & 3742(a)(4); *Washington,* 147 F.3d at 491; *United States v. Webb,* 30 F.3d 687, 689 (6th Cir.1994).

Lastly, we have reviewed the record, and we conclude that no other nonfrivolous issue exists.

Accordingly, we GRANT counsel's motion to withdraw, and we AFFIRM the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.