[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2006
THOMAS K. KAHN
CLERK

No. 04-15104
Non-Argument Calendar
_____

D. C. Docket No. 04-00176-CR-B-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LAFITTE DUMONDE,
a.k.a. Daniel Pruitt Spencer,
a.k.a. Daniel Laffite Dumonde,
a.k.a. Daniel Spencer,
a.k.a. Danny,
a.k.a. Paul Moore,

Defendant-Appellant.

_____

No. 05-12349
Non-Argument Calendar

_____

D. C. Docket No. 04-00176-CR-B-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LAFITTE DUMONDE,
a.k.a. Daniel Laffite Dumonde,
a.k.a. Paul Moore, etc.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

**(July 19, 2006)**

Before TJOFLAT, ANDERSON and WILSON, Circuit Judges.

PER CURIAM:

This opinion consolidates and decides two appeals perfected by Daniel

Lafitte Dumonde.  Dumonde, appearing pro se, appeals his conviction from a

bench trial, in which he also proceeded pro se, for uttering a counterfeit security, in

violation of 18 U.S.C. §§ 513(a) and 2.  In his first appeal, No. 04-15104,

Dumonde argues that his arrest was illegal because it was fraudulently obtained

without probable cause.[1]  Dumonde also asserts that the district court

unconstitutionally limited the compulsory process by denying his request to

subpoena Judge Watkins, Sheriff's Internal Affairs Sgt. Moore, and Jefferson

County Sheriff Mike Hale.  Next, Dumonde argues that his codefendant, Walker,

committed perjury at trial, and his testimony should not have been admitted

because it was uncorroborated and was inadmissible hearsay.

---

[1] Dumonde asserts, admittedly for the first time on appeal, that the government committed misconduct and the district court erred in admitting evidence of a check imprinting machine found in his car because that machine was not found in the car during the first search.  Because Dumonde raises this issue for the first time in his reply brief, he has abandoned the issue. *See United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481 (11th Cir. 1989) (noting that an appellant in a criminal case may not raise an issue for the first time in a reply appellate brief).

2

In second appeal, No. 05-12349, Dumonde argues that the account numbers on the counterfeit check were non-existent, and therefore, the check could not be drawn on any organization within the meaning of the statute. [2] Dumonde also asserts that Judge Blackburn of the district court should have recused herself from the proceedings because she was "outrageously biased." Lastly, Dumonde argues that he was wrongly removed from state to federal custody without any authority, and that he was denied due process of law because he was required to give a handwriting sample before the grand jury, and he was forced to appear before the grand jury in a prison stripe uniform and leg shackles.

## I. Motion to Suppress

In reviewing a denial of a motion to suppress, we review for clear error the district court's factual findings, and we review de novo its application of law to those facts. *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005). Moreover, "all facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).

Dumonde claims that the Government arrested him without probable cause.

---

[2] On appeal, the government argues that we lack jurisdiction over the arguments raised in this appeal. Dumonde did perfect his appeal via his second and fourth notices of appeal, and therefore, we have jurisdiction to review the issues challenged here. *See United States v. Curry*, 760 F.2d 1079, 1079-80 (11th Cir. 1985) (per curiam) (holding that a premature notice of appeal made before judgment and conviction are entered is effective to perfect an appeal as of the date the sentence was entered as the judgment).

"Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).

The record shows that the government had probable cause to obtain an arrest warrant for Dumonde. By the time law enforcement sought an arrest warrant for Dumonde they knew of and were in possession of substantial evidence that would have led a prudent person to believe that Dumonde was involved in the subject offense. *Id.* For example, the officers knew that phone calls to the victim had originated from Dumonde's home. Also originating from Dumonde's home were phone calls to the Tennessee jewelry store where the victim's ring was sold. The jewelry store owner had identified Dumonde out of a photographic line up as the person who sold him the ring. The store owner further stated that Dumonde had used the name Daniel Spencer, one of his several aliases. In light of these facts demonstrating probable cause, we affirm the district court's denial of Dumonde's motion to suppress.

## II. Compulsory Process

The Sixth Amendment protects a defendant's right to have "compulsory

4

process for obtaining witnesses in his favor." U.S. Const. amend. VI.; *see U.S. v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004). However, "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining *witnesses in his favor*.' " *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S. Ct. 3440, 3446, 73 L. Ed. 2d 1193 (1982) (quoting U.S. Const. amend. VI). A defendant must, therefore, "at least make some plausible showing of how [the witness's] testimony would [be] both material and favorable to his defense." *Id*.

The record here does not compel a reversal of the district court's refusal to issue a subpoena for Judge Watkins, Sgt. Moore, or Sheriff Hale. Dumonde had failed to present any evidence that the requested witnesses would testify favorably to his defense. He presented no evidence that Judge Watkins's signature was forged. Likewise, with regard to Sgt. Moore, Dumonde did not submit any support for his assertion that Sgt. Moore's testimony was needed to show a pattern of officer misconduct. Regarding Sheriff Hale, Dumonde failed to present his request for Hale's subpoena before the district court, when the district court inquired into Dumonde's subpoena requests. Even if Dumonde had made the request known to the district court, denying the request would not have been erroneous, because

5

Dumonde failed to make "some plausible showing" that Hale's testimony would have been favorable to his defense. Accordingly, we affirm the denial of Dumonde's requests for subpoenas.

### III. Witness Credibility

"The credibility of a witness is in the province of the factfinder and [we] will not ordinarily review the factfinder's determination of credibility." *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir.1994) (per curiam). Furthermore, the district court's credibility determinations are entitled to deference and its factual findings will be accepted, unless clearly erroneous. *United States v. Holland*, 874 F.2d 1470, 1473 (11th Cir.1989). In addition, even where a government witness testifies with immunity, it is the responsibility of the trier of fact to determine the truthfulness of witness's testimony. *See United States v. Hewitt*, 663 F.2d 1381, 1385 (11th Cir. 1981).

The district court did not err in admitting Walker's testimony. Although at trial Walker admitted to committing perjury, the district court found his testimony to be truthful. The district court knew of Walker's involvement in the subject offense, his admitted perjury, and the fact that he testified in exchange for a substantial assistance departure. Nevertheless, the court determined that Walker was credible and that much circumstantial evidence supported his testimony, which

was within its province as the factfinder in a bench trial. *See Copeland*, 20 F.3d at 413. In addition, Dumonde does not offer any support for his assertion that Walker's testimony was inadmissible hearsay. Accordingly, we affirm in this respect.

## IV. Indictment

We review for abuse of discretion a district court's denial of a motion to dismiss an indictment. *United States v. Pielago*, 135 F.3d 703, 707 (11th Cir. 1998).

It is a federal offense to make, utter, or possess, with the intent to deceive, a forged security of an organization. 18 U.S.C. § 513(a). The statute broadly defines an "organization" as "a legal entity, other than a government, established or organized for any purpose, and includes a corporation, company, association, firm, partnership, joint stock company, foundation, institution, society, union, or any other association of persons which operates in or the activities of which affect interstate or foreign commerce[.]" 18 U.S.C. § 513(c)(4).

The district court did not abuse its discretion by denying Dumonde's motions to dismiss the indictment. Evidence showed that the check was a counterfeited security of an official Regions Bank check. The government established that Regions Bank, operating in at least thirteen states of the union, and

7

IPS, by virtue of its agreement and cooperation with the bank, were organizations under 18 U.S.C. § 513(c)(4). Accordingly, we affirm in this respect.

## V. Recusal

Ordinarily we review a district court judge's decision not to recuse herself for an abuse of discretion. *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (per curiam).

Two statutes govern recusal – 28 U.S.C. §§ 144 and 455. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Under § 144, a party can file a "timely and sufficient affidavit" complaining of a trial judge's personal bias. Section 455(a) instructs a federal judge to disqualify herself if "[her] impartiality might reasonably be questioned," and § 455(b) requires disqualification under specific circumstances, including having personal bias against a party or personal knowledge of disputed facts, expressing an opinion about the case as a government employee, holding a financial interest in the controversy, or having a spouse or relative involved with one of the parties.

For recusal to occur under § 455(a), "we musk ask whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1322 (11th Cir. 2003)

(internal quotations omitted).  Disqualification under § 455(b) "is clear; once it has been established that one of the enumerated circumstances exists, there can be no dispute about the propriety of recusal."  *Id.* at 1321-22.  To disqualify a judge under § 455(a) and (b)(1), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."  *Bailey*, 175 F.3d at 968 (internal quotations omitted).  "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."  *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001).

In addition, a "[district court] judge has wide discretion in managing the proceedings."  *United States v. Hawkins*, 661 F.2d 436, 450 (5th Cir. Unit B Nov. 1981).  "[S]he may comment on the evidence, may question witnesses and elicit facts not yet adduced or clarify those previously presented, and may maintain the pace of the trial by interrupting or cutting off counsel as a matter of discretion."  *Id.* (internal quotations omitted).  Moreover, we are "cognizant of the maxim that the trial judge has broad discretion in handling the trial and that the reviewing court should restrain itself from interposing its opinion absent a clear showing of abuse."  *United States v. De La Vega*, 913 F.2d 861, 867 (11th Cir. 1990) (internal quotations omitted).

The district court judge here did not abuse her discretion in failing to recuse herself. Dumonde accused the judge of having some personal bias against him, but he never presented any facts to support his claim. In this case, Dumonde proceeded pro se in a bench trial; thus, the judge necessarily had to become involved in managing the proceedings.

Although Dumonde's sentence exceeded the guideline range, the sentence was less than the statutory maximum, and at sentencing, the district court judge explained in detail her reasons for sentencing him above the recommended range. For these reasons, there was no evidence from which an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality. *See Patti*, 337 F.3d at 1322. Accordingly, we affirm in this respect.

## VI. Prosecutorial Misconduct

Any challenges based on prosecutorial misconduct before the grand jury are reviewed under a harmless-error standard. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S. Ct. 2369, 2373, 101 L. Ed. 2d 228 (1988). Under the harmless-error standard, a reversal is required "only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of

10

such violations." *Id.* at 256 , 108 S. Ct. At 2374 (internal quotations omitted).

To the extent that Dumonde challenges events that occurred while he was in state custody, presumably on state charges, we do not address his claims. Dumonde argues that it was improper for him to appear before the grand jury wearing a prison uniform and leg shackles. *See Estelle v. Williams*, 425 U.S. 501, 504, 96 S. Ct. 1691, 1693, 48 L. Ed. 2d 126 (1976) (holding that a defendant's appearance in prison attire at trial seriously compromises the defendant's right to the presumption of innocence basic to the adversary system). However, the rule in *Estelle* does not apply here because Dumonde was not a defendant on trial when he allegedly was forced to wear his prison uniform and leg shackles. Even assuming arguendo that an error did occur during the grand jury proceeding, any error was harmless because sufficient probable cause supported Dumonde's indictment. *See Bank of Nova Scotia*, 487 U.S. at 254, 108 S. Ct. at 2373. For these reasons, Dumonde has failed to establish a denial of his right to due process.

## VII.  Conclusion

Finding no error, we affirm Dumonde's conviction and sentence. We also deny Dumonde's "Motion for Immediate Reversal."

**AFFIRMED.**

11