[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2007
THOMAS K. KAHN
CLERK

No. 06-12770
Non-Argument Calendar

_____

D. C. Docket No. 96-00022-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERMAN LAVAN DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 30, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

In this appeal, we consider whether the district court abused its discretion in

revoking Sherman Lavan Douglas's supervised release for engaging in criminal activity while under supervision, where the court relied upon an electronic record of Douglas's judgment of conviction—generated by the court's own electronic filing system—rather than requiring the Government to produce a certified paper copy of the judgment. We hold that it did not. Accordingly, we affirm the judgment of the district court.

I.

On April 25, 2005, following 63-month federal prison sentence and while serving a 36-month term of supervised release, Sherman Lavan Douglas was arrested by Miami, Florida, police officers on state-law charges of burglary and robbery. He allegedly committed those crimes on February 9, 2005.

Also on April 25, 2005, acting on the news of Douglas's arrest, the United States Probation Office filed in the district court a petition to revoke Douglas's supervised release. Douglas's probation officer alleged that Douglas's conduct on February 9th violated the condition of his supervised release forbidding him from committing a crime while under supervision.

On May 9th, the district court granted the probation officer's petition for action and issued a warrant for Douglas's arrest. He was arrested on June 1st. Meanwhile, on June 17th, after the State of Florida had dismissed the burglary and

2

robbery charges against him, a federal grand jury returned a two-count indictment against Douglas for alleged Hobbs Act violations arising out of his February 9th conduct. As a result of the federal indictment, Douglas's probation officer filed a superceding petition for revocation on June 30th, referencing the new indictment and again alleging that Douglas had violated a condition of his probation by "failing to refrain from violation of the law." The district court scheduled a revocation hearing, but the hearing was continued several times.

Before the revocation hearing could be held, Douglas was tried on the federal charges. On March 27, 2006, a jury acquitted Douglas of conspiring to violate the Hobbs Act, but convicted him of substantively violating it. Douglas was not immediately sentenced.

Several weeks after his conviction, on April 19, 2006, the district court held the scheduled revocation hearing to determine if Douglas had violated a condition of his supervised release and, if so, to determine whether and how long he should be incarcerated for the violation. At the revocation hearing, Douglas's counsel stated that Douglas denied having violated the Hobbs Act; nevertheless, Douglas's counsel conceded that the Hobbs Act charges had been the subject of a lengthy trial and that Douglas had been convicted by a jury.

Probation Officer Stanley Branch testified at the hearing that he had filed the

superceding petition to revoke Douglas's supervised release on the basis of the two-count federal indictment, which was returned against Douglas on June 17, 2005, and which was based upon an incident that had occurred on February 9, 2005. Branch testified that, in preparing to file the petition, he had viewed the indictment and other documents related to the case on the district court's electronic filing system. According to Branch, the electronic docket sheet indicated that Douglas had been convicted of the substantive Hobbs Act violation on March 27, 2006. The Government did not produce at the hearing a certified paper copy of the judgment against Douglas.

Douglas objected to Branch's testimony about the March 27th conviction on the ground that such testimony constituted "hearsay" or "double hearsay" because the Government could not produce a certified copy of the judgment. The district court overruled Douglas's hearsay objections.

The district judge then requested that her law clerk access the electronic docket sheet in the case involving the 2005 Hobbs Act indictment.[1] The judge reviewed the indictment and the jury verdict, which reflected that Douglas had been convicted of violating the Hobbs Act. On the basis of that information, the

_____

[1] Douglas had previously pleaded guilty to one substantive Hobbs Act violation in 1998 and was on supervised release for that crime when he was arrested in April 2005, thus giving rise to the revocation proceedings that are the subject of this appeal.

district court determined that the preponderance of the evidence established that Douglas had violated a condition of his supervised release, as alleged in Branch's petition. The court sentenced Douglas to 24 months in prison, to be served consecutively to the sentence imposed on Douglas for violating the Hobbs Act.[2]

## II.

We review for abuse of discretion a district court's determination that a defendant has violated a condition of his supervised release. See United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994); see also United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). We are bound by the district court's findings of fact unless those findings are clearly erroneous. See United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).

## III.

Relying solely on our decision in United States v. Hofierka, 83 F.3d 357 (11th Cir. 1996), Douglas argues that, in order to find by a preponderance of the evidence that a releasee has violated a condition of his supervised release, where

---

[2] Four months after the revocation hearing, Douglas was sentenced to serve 124 months in prison for the Hobbs Act violation. At the conclusion of the revocation hearing, Douglas asked the district court to give him credit against his 24-month sentence to reflect the time that he had spent incarcerated since his arrest in June 2005. The district court denied Douglas's request, and Douglas objected. To the extent that Douglas attempts to challenge the district court's ruling on that issue in this appeal, any such challenge has been waived by his failure to address the issue in his opening brief. See Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc., 431 F.3d 1320, 1326 n.4 (11th Cir. 2005).

the Government and the district court rely exclusively on a judgment of conviction, it is *mandatory* that the Government tender into evidence a certified copy of the conviction. In Hofierka, we upheld the revocation of the appellant's supervised release, concluding that a judgment of conviction against the appellant on state-law charges, stemming from conduct the appellant engaged in while on supervised release, was sufficient evidence from which the district court could find a violation of the supervised release condition forbidding the appellant from committing a federal, state, or local crime. In so concluding, we stated: "A certified copy of a conviction is proper evidence that a defendant violated a state or federal law and, thereby, violated a condition of his or her supervised release." Hofierka, 83 F.3d at 363. By not tendering into evidence in this case a "certified copy" of his conviction, Douglas argues that "[t]he government failed to substantiate its claim and meet its burden of proof that Appellant violated the terms and conditions of his supervised release." We disagree.

A.

Every term of supervised release ordered by a federal district court carries with it, as a mandatory condition, a requirement that the defendant "not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). If the district court finds by a preponderance of the evidence that the

6

defendant has violated a condition of his supervised release, the court may revoke the defendant's release and sentence him to prison. 18 U.S.C. § 3583(e)(3). "Evidence of a probation violation presented by the government must 'reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required.'" United States v. Holland, 874 F.3d 1470, 1472-73 (11th Cir. 1989) (quoting United States v. Rice, 671 F.2d 455, 458 (11th Cir. 1982)).

## B.

According to Douglas, Branch's testimony regarding Douglas's indictment and conviction was hearsay and thus inadmissible in the revocation hearing. We have held that "[a]though the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic" because "[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements." United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). After overruling Douglas's hearsay objection to Branch's testimony, and after the Government indicated that it did not have a certified copy of Douglas's judgment of conviction, the district judge asked to look at the electronic docket sheet in the case against Douglas involving the Hobbs Act conviction. It is not

7

clear from the record whether Douglas objected on hearsay grounds to the court's reliance on the judgment of conviction displayed on the electronic docket sheet, but we need not determine whether an electronic judgment of conviction is hearsay or whether it falls within a hearsay exception under the Federal Rules of Evidence. That is because, even assuming that an electronic record of a judgment of conviction is hearsay, the admissibility of such evidence depends not on an application of the Federal Rules of Evidence (which are inapplicable to revocation hearings) but on the district court's consideration of two factors: (1) the balance between the defendant's Sixth Amendment right to confront witnesses against him and the Government's reasons for denying the defendant that right; and (2) the reliability of the hearsay statement.[3]  Id.

### C.

Douglas does not argue on appeal, and did not argue in the district court, that the electronic record of his judgment of conviction is in any way unreliable. He argues only that the judgment relied upon by the court was not a "certified copy" and that in this Circuit, under Hofierka, the Government in a revocation hearing must introduce into evidence a certified copy of the judgment of conviction.  We disagree with Douglas's reading of Hofierka and hold that a

---

[3] Douglas does not argue that he was deprived of his Sixth Amendment right of confrontation.

judgment of conviction recorded in a district court's electronic filing system is a presumptively reliable indication of a defendant's prior conviction in the absence of evidence to the contrary.

IV.

Because Douglas has offered no evidence to the contrary, we have no trouble concluding the electronic judgment relied upon by the district court in this case was sufficiently reliable to demonstrate that Douglas violated a mandatory condition of his supervised release. Accordingly, the judgment of the district court revoking Douglas's supervised release is

**AFFIRMED.**