[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14812
Non-Argument Calendar

_____

D. C. Docket No. 06-00008-CR-2-CLS-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TITUS CONNALLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 2, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Titus Connally appeals the district court's revocation of his supervised

release. After review, we affirm.

Connally was convicted of conspiracy to distribute crack cocaine, possession with intent to distribute crack cocaine, and use of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to 197 months' imprisonment, followed by five years of supervised release. Connally does not dispute that he violated the conditions of his supervised release, but argues that the district court abused its discretion in revoking his supervised release because his violations were harmless and mitigated by circumstances.[1]

The district court concluded that Connally violated the conditions of his supervised release by, inter alia, leaving the jurisdiction on three separate occasions without permission, failing to report to his probation officer, failing to follow the instructions of his probation officer, lying to his probation officer, failing to produce sufficient evidence of employment, and associating with a convicted felon without permission. The district court noted that although no other violation "than the traveling outside the Northern District of Alabama without

---

[1]This Court ordinarily reviews a district court's revocation of supervised release for abuse of discretion. See United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). However, when a defendant fails to raise an issue in the district court, this Court reviews for plain error. See United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005). Although Connally did not make this argument in the district court, we conclude that, even under the abuse of discretion standard, Connally's argument fails.

2

permission is particularly damning," because of "the numerosity of them, and the extent of [Connally's] continued obstruction of justice in failing to be truthful when responding to the questions of [the] probation officers," Connally's supervised release status should be revoked. The district court sentenced Connally to twelve months' imprisonment.

Contrary to Connally's claims, a criminal act is not a prerequisite to revocation of supervised release. See 18 U.S.C. § 3583(e)(3) (authorizing revocation of supervised release for violations of supervised release conditions). Once the district court has determined that the defendant committed a violation, it "should consider whether the [defendant] made a 'good faith' effort to comply with the [conditions of his supervised release] and whether there are mitigating circumstances which excuse his noncompliance." United States v. Holland, 874 F.2d 1470, 1473 (11th Cir. 1989).[2] The district court must explain its findings as to the evidence it relies on and the reasons for revoking the supervised release. See United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994) (concluding that an oral statement, recorded and transcribed, satisfies Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972), which requires a written statement of findings).

---

[2]Although Holland is a probation revocation case, probation and supervised release are conceptually the same, and this Court treats revocations the same whether they involve probation or supervised release. See United States v. Frazier, 26 F.3d 110, 113 (11th Cir. 1994).

3

Here, the district court adequately set forth the evidence it relied on and its reasons for the decision.  The district court reviewed the materials relating to Connally's underlying conviction and the evidence offered at the revocation hearing, including the testimony of specific witnesses.  The district court found that Connally committed multiple violations and that his explanations for the violations were not credible.  The district court's revocation of Connally's supervised release did not amount to an abuse of discretion, much less plain error.

**AFFIRMED.**