[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12911
Non-Argument Calendar

_____

D. C. Docket No. 08-20082-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDY VILLANUEVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 25, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Rudy Villanueva appeals his 79-month sentence for being a convicted felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Villanueva argues that the district court erred by (1) applying a four-level sentence enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6), for using or possessing a firearm in connection with another felony offense, (2) applying base offense level 22, based on a finding that the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine, and (3) imposing a two-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), based on a finding that he possessed three or more firearms.

## I.    Four-Level Sentence Enhancement, Pursuant to U.S.S.G. § 2K2.1(b)(6)

Villanueva argues that the statements he made in his YouTube video did not constitute a threat and thus were protected by the First Amendment. He asserts that his statements could not be considered either "communication" or a "threat," because he was intoxicated during the filming of the video and his statements were incoherent. He argues that the court must consider the specific intent of the speaker in determining if a statement is a threat, and because he was intoxicated when he made the statements, and because it was obvious that he was "goofing off" in the video, his statements could not be construed as a threat. Finally, Villanueva argues that applying the § 2K2.1(b)(6) enhancement in his case infringes his Sixth Amendment right to a jury trial because it involves finding a

2

violation of a separate criminal statute, 18 U.S.C. § 875(c).

Generally, we review a district court's application and interpretation of the Guidelines de novo, and its factual findings for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). However, when a defendant raises a sentencing argument for the first time on appeal, we review for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005).

In calculating the guideline range for a firearm possession offense under 18 U.S.C. § 922(g), a four-level increase to the base offense level is required "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). "'Another felony offense,' for purposes of subsection (b)(6), means any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, comment. (n.14(C)). "The government bears the burden of establishing by a preponderance of the evidence

3

the facts necessary to support a sentencing enhancement." United States v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006). An individual commits a felony offense punishable by up to five years' imprisonment if he "transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(c).

The First Amendment provides that "Congress shall make no law. . . abridging the freedom of speech." U.S. CONST. amend. I. However, as the Supreme Court has noted, "[t]he protections afforded by the First Amendment . . . are not absolute, and . . . the government may regulate certain categories of expression consistent with the Constitution. Virginia v. Black, 538 U.S. 343, 358, 123 S.Ct. 1536, 1547, 155 L.Ed.2d 535 (2003) (addressing whether cross-burnings are constitutionally protected speech or "true threats"). For example, "threats of violence" are not protected by the First Amendment. Id. at 359, 123 S.Ct. at 1548. The Supreme Court has defined "[t]rue threats" as "those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Id.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." U.S. CONST. amend.VI. In United States v. Booker, the Supreme Court held that

4

the Sixth Amendment is not implicated in sentencing, as long as the sentencing guidelines are applied as advisory provisions. United States v. Booker, 543 U.S. 220, 245-46, 125 S.Ct. 738, 757, 160 L.Ed.2d 621 (2005). Furthermore, we have held that the use of extra-verdict enhancements in an advisory guideline system does not violate the Constitution. United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005).

Because Villanueva's post-arrest statements, as well as his actions in the video, indicate that he intended his statements to be taken seriously by individuals who viewed the video, the district court did not err in finding that his statements constituted a "threat" and therefore were not entitled to protection under the First Amendment. Furthermore, because the district court applied the sentencing guidelines in an advisory fashion, Villanueva's Sixth Amendment rights were not implicated. Accordingly, the district court did not err in applying the § 2K2.1(b)(6) enhancement.

## II. Use of Base Offense Level 22

Villanueva argues that his base offense level should not have been 22, pursuant to U.S.S.G. § 2K2.1(a)(3)(i)(B), because the firearm he held in the video did not have a magazine attached. He argues that the government cannot rely on the proximity of the firearm to the magazine when it was found during the January

15, 2008 search; instead, he asserts, it must show that the magazine was in close proximity to the semi-automatic firearm at the time he possessed the weapon.

We review a district court's application and interpretaton of the Guidelines de novo, and its factual findings for clear error. Rhind, 289 F.3d at 693.

Section 2K2.1(a)(3) provides for a base offense level of "22, if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; . . . and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(3). The guideline commentary clarifies that a "semiautomatic firearm capable of accepting a large capacity magazine" means

> a firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.

U.S.S.G. § 2K2.1, comment. (n.2).

Because the MySpace photos showed Villanueva holding an AK-47 with a loaded clip, and were taken shortly before the YouTube video was filmed, but after Villenueva undisputedly had been convicted of a felony crime of violence, the

district court did not err in applying the § 2K2.1(a)(3) enhancement.

### III. Application of a Two-Level Enhancement, Pursuant to U.S.S.G. § 2K2.1(b)(1)(A)

Villanueva argues that the district court erred in applying a two-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), because he held only two firearms on the YouTube video, rather than three to seven firearms, as is required to trigger the enhancement. He argues that the government failed to establish that the weapons he held in the other photographs were real firearms, as opposed to plastic pellet guns.

We review a district court's factual findings for clear error. Rhind, 289 F.3d at 693. "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotations omitted). "Credibility determinations made by the district court are entitled to deference by a reviewing court." United States v. Holland, 874 F.2d 1470, 1473 (11th Cir. 1989).

The guidelines corresponding to the § 922 firearm offense provide for a two-level enhancement to the base offense level if the defendant possessed three to seven firearms. U.S.S.G. § 2K2.1(b)(1)(A). Because the district court found the officers' testimony, indicating that the firearms in the pictures and on the YouTube

7

video were real, to be more credible than the testimony of Villanueva and his brother and father, it did not err in finding that Villanueva possessed at least three firearms. Accordingly, we affirm Villanueva's sentence.

**AFFIRMED.**[1]

---

[1] Villanueva's request for oral argument is denied.