[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14515
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-00263-CG-D-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERCY MCCLINTON SNOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(January 4, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Percy Snow appeals the district court's imposition of a six-month term of imprisonment after the revocation of his supervised release. He contends the court clearly erred in finding he violated the terms of his supervised release by failing to report a change of residence. In addition, Snow argues that his sentence was procedurally and substantively unreasonable. After review,[1] we affirm in part and remand in part for resentencing.

## I. DISCUSSION

### A. Violation of Supervised Release

By statute, a district court is authorized to revoke a term of supervised release where the supervisee violates a condition of the release. 18 U.S.C. § 3583(e)(3). To do so, the court must find by a preponderance of the evidence that the violation occurred. *Id*.; *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). The district court did not clearly err in finding that Snow changed his residence without properly informing his probation officer. Snow told the officer only that he would be staying in a motel for a few days, but did not notify him that he remained there more than one month later. Moreover, Snow's

---

[1] A district court's revocation of supervised release is reviewed under an abuse of discretion standard. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). We accept the district court's findings of fact unless they were clearly erroneous. *United States v. Holland*, 874 F.2d 1470, 1473 (11th Cir. 1989).

We review the sentence imposed by the district court upon revocation of supervised release for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

own testimony showed that he did not intend to remain at his prior residence; Snow freely admitted that he planned to buy a house and move there directly from the motel where he was staying.  Furthermore, Snow's stepmother told the officer that he had moved away, and his power and phone service were disconnected.  On these facts, the district court did not clearly err in finding that Snow had changed his residence without notice in violation of the conditions of his supervised release. *See United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (holding that a factual finding is clearly erroneous when we are "left with the definite and firm conviction that a mistake has been committed" after reviewing all of the evidence).

*B. Sentencing*

Pursuant to § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain specific factors set forth in 18 U.S.C. § 3553(a).  *Id.* § 3583(e)(3).  In reviewing whether a sentence is reasonable, we must first ensure that the district court did not commit a significant procedural error, such as "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence."  *Gall*, 552 U.S. at 51.  At the time of sentencing, the district court must state the reasons for its imposition of a particular sentence.  18 U.S.C. § 3553(c); *see United States v. Livesay*, 525 F.3d 1081, 1090

(11th Cir. 2008). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (quotation omitted).

Snow contends the district court failed to identify the § 3553(a) factors upon which it relied and that it neglected to explain its sentence. We agree. The district court made no mention of the § 3553(a) factors at all and only briefly referenced the applicable Guidelines range before summarily handing down Snow's sentence. The entirety of the court's deliberation reads as follows:

> I have examined and reviewed the chapter seven provisions. I do find them to be appropriate. They are six to 12 months. I hereby sentence you to the custody of the United States Bureau of Prisons to be imprisoned for a term of six months. Following that, 54 months of supervised release will be reimposed, with all the previously imposed terms to be reimposed, and remain in full force and effect.

The court sentenced Snow without any explanation of its decision, and with no indication as to whether it considered the applicable § 3553(a) factors. Snow presented evidence that he had passed all of his drug tests since his release, and that he had maintained steady and diligent employment as a result of vocational training he received while incarcerated. Given its limited discussion, we are not satisfied that the court considered Snow's arguments and how they might relate to the factors it was required to weigh, such as the "nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford

4

adequate deterrence to criminal conduct," or "to protect the public from further crimes," or to "provide the defendant with needed educational or vocational training." 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D); *see also id.* § 3583(e)(3) (requiring the court to consider these factors).

## II. CONCLUSION

Accordingly, we **AFFIRM** the district court's finding that Snow violated the condition of his supervised release requiring him to notify his probation officer of a change in residence. However, we conclude Snow's sentence was procedurally unreasonable, so we **VACATE** his sentence and **REMAND** to the district court for resentencing.