## UNITED STATES of America, Plaintiff–Appellee,

### v.

## Joseph Patrick ROBINSON, Defendant–Appellant.

### No. 89–5682
### Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 6, 1990.

---

Michael Blacker, Coconut Grove, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Linda Collins Hertz, Frank Bowman, Asst. U.S. Attys., for plaintiff-appellee.

Before TJOFLAT, JOHNSON and EDMONDSON, Circuit Judges.

PER CURIAM.

A convicted currency smuggler is serving a term of probation. His probation officer asks him a question about the source of $25,000 income reported on probationer's tax return[1]; the felon responds by pleading the fifth amendment. This appeal presents the question whether the United States may revoke probation where the probation agreement explicitly requires a probationer to report and to "give an account of [himself] and to respond completely and truthfully to questions asked

---

**1.** On his tax return, the probationer validly asserted the fifth amendment as to the source of the income. *See Garner v. United States,* 424 U.S. 648, 650, 96 S.Ct. 1178, 1180, 47 L.Ed.2d 370 (1976).

by the probation officer". The answer is "yes".

While a probationer has a fifth amendment right to avoid self-incrimination, this does not mean that the "Federal Constitution would prevent a State from revoking probation for a refusal to answer that violated an express condition of probation or from using the probationer's silence as 'one of a number of factors to be considered by the finder of fact' in deciding whether other conditions of probation have been violated." *Minnesota v. Murphy*, 465 U.S. 420, 435 n. 7, 104 S.Ct. 1136, 1146 n. 7, 79 L.Ed.2d 409 (1984).

The probation officer has an obligation to inquire into possible violations of the probation agreement. If the probation officer suspects possible violations, he can petition the court for revocation of probation. Robinson's tax return raised the probation officer's suspicion that Robinson was continuing to engage in unlawful money smuggling activities—a clear violation of his probation. When Robinson failed to report these activities *completely and truthfully* as per the terms of his probation, he committed a probation violation. The issue is not invocation of the privilege, but the failure to report. "[T]here is no question that failure to comply with reporting requirements is a serious violation of probationary conditions, and that such failure alone can justify revocation of probation." *United States v. Morin (Roger), a/k/a Video (Paris)*, 889 F.2d 328, 332 (1st Cir.1989).

Probation revocation is entrusted to the sound discretion of the district court. Only upon a clear showing of abuse of that discretion will the district court's decision be disturbed. *See United States v. Holland*, 874 F.2d 1470, 1473 (11th Cir.1989); *United States v. Rice*, 671 F.2d 455, 458 (11th Cir.1982); *United States v. Garza*, 484 F.2d 88, 89 (5th Cir.1973). "In a probation revocation proceeding, all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required

by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required." *Rice*, 671 F.2d at 458.

Upon review of the record, we cannot say the district court abused its discretion when it revoked defendants probation and reinstated the original sentence of one year in prison.[2]

AFFIRMED.

---

**2.** The other claims raised by the defendants have been considered and rejected as without merit.