[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2005
THOMAS K. KAHN
CLERK

No. 05-10505
Non-Argument Calendar

_____

D.C. Docket No. 03-20658-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE ANTHONY ZAYAS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 16, 2005)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

George Anthony Zayas appeals the district court's revocation of his term of supervised release, pursuant to 18 U.S.C. § 3583(e). Zayas argues on appeal that the court, in relying on testimony from his probation officer on the contents of another officer's arrest report, (1) relied on improper evidence, in light of the Supreme Court's decision in Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); (2) violated his Sixth Amendment confrontation rights, in light of the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); and (3) violated his Fifth Amendment due-process rights by failing to weigh his right to confront the arresting officer against any good cause the government had for not producing this witness during Zayas's revocation hearing. For the reasons set forth more fully below, we vacate and remand for a new revocation hearing.

In December 2003, Zayas was sentenced to six months' imprisonment and three years' supervised release for conspiracy to possess with intent to distribute a detectable amount of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C), (D), and 846. As a mandatory condition of Zayas's supervised release, the court ordered that he refrain from committing further violations of the law. On August 4, 2004, Zayas was released from incarceration and began serving his term of supervised release.

Zayas's probation officer, Sheila Martinez, subsequently filed a "petition for warrant or summons for offender under supervision," seeking the revocation of Zayas's supervised release. Officer Martinez alleged in her petition that Zayas had violated a mandatory condition of his release, that is, that he refrain from further violating the law, by engaging in disorderly conduct, as evidenced by his arrest by the City of Miami Police Department, Florida, on August 28, 2004. At an evidentiary hearing on this petition, Zayas did not challenge the allegation that he had been arrested. Zayas, instead, contended that (1) his conduct had not constituted disorderly conduct, and (2) the state charge had been dismissed.

As the government's sole witness at this hearing, Officer Martinez testified that, after Zayas had reported his arrest on the charge of disorderly conduct within 72 hours of the arrest, Officer Martinez had reviewed the arresting officer's report on the alleged offense conduct.[1] Officer Martinez further testified that this arrest report reflected that Zayas was arrested based on (1) his participation in a fight in a restaurant that consisted of "swinging of fist[s] and kicking," and (2) his refusal to stop fighting. This report also included that, at the time of Zayas's arrest, he had a strong odor of alcohol on his breath, and his eyes were bloodshot and glassy.

---

[1] The parties agree that the arrest report at issue was not introduced into evidence during the revocation hearing.

Officer Martinez further testified that, according to Zayas, his arrest resulted from his efforts to protect his girlfriend after a waiter pushed his girlfriend on a dance floor of a restaurant. Officer Martinez also stated that (1) she had not personally spoken with the arresting officer; and (2) the state, subsequent to the arrest, had decided not to prosecute the matter. Moreover, Officer Martinez agreed that Zayas, otherwise, had complied with all of the conditions of his supervised release. On cross-examination, Officer Martinez conceded that Zayas's girlfriend had informed Officer Martinez that she had viewed a videotape of the incident in question, which showed that the waiter was at fault.

Zayas's girlfriend, Michelle Gonzalez, also testified during this evidentiary hearing, stating that a video-tape of the incident in question, which she had viewed with the arresting officer, reflected that (1) an employee of the restaurant grabbed and pushed her while she was dancing on the dance floor, and (2) no "punching of fists" occurred. On cross-examination, Gonzalez stated that the arresting officer was not present during the altercation, and that the restaurant employee who initiated the confrontation also was arrested. Gonzalez also clarified that the incident involved primarily "restraining" and "shoving," instead of punching.

Zayas then argued that, although hearsay evidence may be admissible during revocation hearings, the court should not determine that he violated a

4

condition of his supervised release solely based on Officer Martinez's testimony on another officer's arrest report. Zayas explained that the government's reliance on this hearsay evidence was in violation of the Supreme Court's decision in <u>Crawford</u>, and that this constitutional violation had resulted in him being unable to establish on cross-examination of the arresting officer that no "punching" or "striking" had occurred. He also stated that this hearsay evidence was unreliable because it was inconsistent with Gonzalez's testimony. When the court responded that Zayas, himself, could have subpoenaed the arresting officer's testimony, Zayas replied that the government carried the burden of proof.

Rejecting Zayas's arguments, the court determined that he violated a condition of his release by failing to refrain from further violating the law. In making this finding, the court explained that it (1) was relying on the arrest report in question as testified to by Officer Martinez, and (2) was "satisfied that the information [was] credible and reliable." The court ultimately revoked Zayas's term of supervised release and sentenced him to nine months' supervised release, to be followed by three additional years' supervised release.

As discussed above, **Z**ayas is arguing on appeal that the court violated his Fifth Amendment due-process rights by relying on Officer Martinez's testimony on information contained in the arrest report, without first determining if good

5

cause existed that excused the government's failure to call the arresting officer as a witness at the revocation hearing. Zayas also asserts that this error resulted in a violation of his Sixth Amendment right to confrontation, in light of the Supreme Court's decision in Crawford. In addition, Zayas contends for the first time on appeal that the court's exclusive reliance on this arrest report was erroneous in light of the Supreme Court's decision in Shepard.

A district court's revocation of supervised release is reviewed for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). A court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the person violated a condition of supervised release." United States v. Almand, 992 F.2d 316, 318 n.6 (11th Cir. 1993) (quoting 18 U.S.C. § 3583(e)(3)); see also United States v. Robinson, 893 F.2d 1244, 1245 (11th Cir. 1990) (holding in a review of a probation revocation that "all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required" (quotation

omitted)).[2]  Moreover, "[a] district court's findings of fact are binding on this [C]ourt unless clearly erroneous."  Almand, 992 F.2d at 318 (quotation omitted).

We, however, review de novo legal questions concerning the Constitution. United States v. Noel, 231 F.3d 833, 836 (11th Cir. 2000).  Moreover, when a defendant raises an argument for the first time on appeal, our review is only for plain error.  United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005).  "Under plain error review, which is authorized by Fed.R.Crim.P. 52(b), federal appellate courts have only a limited power to correct errors that were forfeited because they were not timely raised in the district court."  Id. at 1270-71 (internal quotations and marks omitted).  Thus, we:

> may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. . . . Even then, we will exercise our discretion to rectify the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Id. at 1271 (internal quotations and marks omitted).

As a preliminary matter, to the extent Zayas is arguing that a Shepard violation occurred, the Supreme Court recently decided in Shepard that a sentencing court may not rely on police reports in deciding whether a prior

---

[2]  We have concluded that the analysis of the revocation proceedings relating to probation and supervised release are "essentially the same."  See Almand, 992 F.2d at 318 n.5.

conviction was a "generic burglary," in the context of determining whether the conviction is a "violent felony" under the Armed Career Criminal Act.[3] Shepard, 543 U.S. at ___, 125 S.Ct. at 1263. Instead, when it is impossible to determine from the face of the judgment or statute whether the prior conviction satisfies the enhancement statute, the district court's review "is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id.

Zayas, however, has failed to cite to authority in support of his general argument that Shepard is applicable to revocation proceedings. Moreover, because Zayas failed to raise this claim in the district court, our review is only for plain error. See Peters, 403 F.3d at 1270. An error must be "plain" for this Court to conclude that plain error occurred. See id. "Plain error is, by its terms, error which is so obvious and substantial that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." United States v. Prieto, 232 F.3d 816, 823 (11th Cir. 2000). "[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are

---

[3] The Armed Career Criminal Act sets a mandatory minimum 15-year sentence for a defendant who is convicted of possessing a firearm, pursuant to 18 U.S.C. § 922(g), when the defendant has three prior convictions for drug offenses or "violent felonies." See 18 U.S.C. § 924(e).

split on it, there can be no plain error in regard to that issue." United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000). Because neither the Supreme Court nor this Court has applied the Supreme Court's holding in Shepard to revocation proceedings, no plain error occurred in light of Shepard.

On the other hand, to the extent Zayas is contending that the court violated his Sixth Amendment confrontation rights in light of Crawford, he preserved this argument by raising it during his revocation hearing. Our review of this claim, therefore, is de novo. See Noel, 231 F.3d at 836.

The Sixth Amendment instructs that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court determined in Crawford that prior testimonial statements may be admitted only if the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Crawford, 541 U.S. at 68, 124 S.Ct. at 1374. In deciding Crawford, the Supreme Court overruled its prior holding in Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980), that, under the Sixth Amendment confrontation clause, statements of a witness unavailable at trial may be admitted if the hearsay bore adequate "indicia of reliability." See Crawford, 541 U.S. at 61-67, 124 S.Ct. at 1370-74. In doing so, the Supreme Court explained that, "[w]here testimonial

statements are involved, we do not think the Framers meant to leave the Sixth

Amendment's protection to the vagaries of the rules of evidence, much less to

amorphous notions of 'reliability.'" See id. at 61, 124 S.Ct. at 1370.

The Supreme Court, however, has determined that revocation proceedings

are not a part of a criminal prosecution. See Morrissey v. Brewer, 408 U.S. 471,

480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972) (parole revocation); Gagnon v.

Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656 (1973)

(probation revocation). Indeed, applying this reasoning, we have recognized that a

defendant is not guaranteed a speedy revocation hearing because revocation

hearings are not criminal prosecutions under the Sixth Amendment. See United

States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991). Because the Supreme

Court's decision in Crawford involved a violation of the Sixth Amendment, it

arguably should not be construed as controlling in non-criminal proceedings

involving the revocation of supervised release.[4]

_____

[4] We have not decided in a published opinion whether Crawford is applicable to proceedings involving the revocation of supervised release. As persuasive authority, the Second Circuit in United States v. Aspinall, 389 F.3d 332 (2d Cir. 2004), abrogation on other grounds recognized, United States v. Fleming, 397 F.3d 95, 99 n.5 (2d Cir. 2005), decided that Crawford, which involved criminal proceedings, neither altered the requirements under Morrisey or Scarpelli, nor suggested that the principles of the confrontation clause, as enunciated in Crawford, were applicable to probation revocation proceedings. See id. at 342-43. In reaching this conclusion, the Second Circuit emphasized the long recognized distinction between criminal and revocation proceedings. See id. at 342. Similarly, the Eighth Circuit in United States v. Martin, 382 F.3d 840 (8th Cir. 2004), decided that Crawford "involv[es] the contours of the confrontation right in criminal prosecutions," and, thus, does not apply to a revocation of

Nevertheless, we need not determine this constitutional claim because, as the government concedes, remand is necessary due to the absence in the record of evidence showing that the district court found that due cause existed to justify the government's failure to present either the testimony of the arresting officer or another witness. See Pittman v. Cole, 267 F.3d 1269, 1285 (11th Cir. 2001) (explaining that "[i]t is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions"). A defendant facing possible revocation of supervised release, "although not entitled to all of the procedural protections afforded a defendant in a criminal proceeding, is entitled to certain [due process] protections." United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994) (citing Morrissey, 408 U.S. at 480-82, 92 S.Ct. at 2599-2601; Gagnon, 411 U.S. at 782-91, 93 S.Ct. at 1760-64).

Furthermore, although the Federal Rules of Evidence do not apply in revocation proceedings, we have concluded as follows:

> [T]he admissibility of hearsay is not automatic. Defendants involved in revocation proceedings are entitled to certain minimal due process requirements. . . . Among these minimal requirements is the right to confront and cross-examine adverse witnesses.

supervised release. See id. at 844 n.4.

<u>United States v. Frazier</u>, 26 F.3d 110, 114 (11th Cir. 1994)  (quotations omitted). "Thus, in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." <u>Id.</u>  Moreover, the hearsay statement must be reliable.  <u>Id.</u>

In <u>Frazier</u>, we determined that the district court erred because it, among other things, did not engage in this balancing test.  <u>Id.</u>  We, however, concluded in <u>Frazier</u> that this error was harmless because "the properly considered evidence overwhelmingly demonstrated that [the defendant] breached the terms of his supervised release."  <u>Id.</u>

In the instant case, similar to the facts in <u>Frazier</u>, the district court relied on evidence that was either hearsay or double hearsay, that is, Officer Martinez's testimony on the contents of another officer's arrest report, in deciding that Zayas had violated a condition of his release by failing to refrain from further violating the law.  <u>See</u> Fed.R.Evid. 801©) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); <u>United States v. Pendas-Martinez</u>, 845 F.2d 938, 942-43 (11th Cir. 1988) (concluding that, even if one level of double-hearsay statement was not hearsay, second level of hearsay was not excepted from

the hearsay rule and, therefore, was inadmissible).  Moreover, in the absence of any reason from the government on why it did not introduce the testimony of the arresting officer or another witness, the court implicitly did not conduct the required balancing test in Frazier.

However, unlike Frazier, the government has failed to show that this error was harmless.  The government concedes that it cannot cite to properly admitted evidence that overwhelmingly established that Zayas had violated a condition of his release by committing a further violation of the law.  Indeed, Officer Martinez agreed during the revocation hearing that she had not personally spoken with the arresting officer.  Officer Martinez also testified that Zayas had reported the arrest within 72 hours of the arrest, and that Zayas, otherwise, had complied with all of the conditions of his supervised release.  In addition, contrary to the contents of the arrest report, Gonzalez, who was present during the offense conduct, testified that the incident involved primarily "restraining" and "shoving," instead of punching.  Gonzalez stated, as well, that a video-tape of the incident reflected that the restaurant employee initially grabbed and punched her, and that the arresting officer was not present until after the incident.

Accordingly, we conclude that the court's error in revoking Zayas's term of supervised release was not harmless.  We, therefore, vacate and remand for the

district court to conduct a new revocation hearing, during which it should balance Zayas's right to confront adverse witnesses against any grounds that might exist for denying this right.

**VACATED AND REMANDED.**