[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____ _____

No. 08-16155
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00358-CR-UWS-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIAN MICHAEL DAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 21, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Damian Michael Dawson appeals the revocation of his term of supervised release under 18 U.S.C. § 3583(e)(3) and the corresponding eight-month sentence imposed for violating the conditions of the supervised release. He raises two arguments on appeal. First, Dawson argues that the district court abused its discretion in revoking his supervised release because the district court's finding that Dawson had violated the conditions of supervision was not supported by a preponderance of the evidence. Second, Dawson argues that the district court's imposition of an eight-month sentence was "substantively unreasonable" because the court neither explicitly mentioned nor discussed the 18 U.S.C. § 3553(a) factors.[1]

I.

We review for abuse of discretion the district court's conclusion that the defendant violated the terms of his supervised release. U.S. v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). We are bound by the district court's findings of fact unless they are clearly erroneous. U.S. v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). A district court may "revoke a term of supervised release . . . if the court . . . . finds by a preponderance of the evidence that the defendant violated a condition

---

[1] Although Dawson refers to substantive unreasonableness in his brief, his only argument concerns procedural reasonableness. Therefore, he has abandoned any substantive reasonableness argument. U.S. v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

2

of supervised release . . . ." 18 U.S.C. 3583(e)(3). The government bears the burden of proving that the defendant violated a condition of supervised release. See U.S. v. Holland, 874 F.2d 1470, 1472-73 (11th Cir. 1989). In a review of a probation revocation, we have held that "all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required." U.S. v. Robinson, 893 F.2d 1244, 1245 (11th Cir. 1990) (quotation and citation omitted).

The testimony at Dawson's revocation hearing established by a preponderance of the evidence that Dawson failed to comply with the conditions of his release. Testimony by multiple witnesses demonstrated that Dawson had failed to work, to attend drug treatment, and to complete a residential re-entry center's drug treatment program, as required by the district court.[2] In addition, Dawson himself admitted that he was unemployed and did not seek employment from December 2007 until February 2008 and that he attended drug treatment only sporadically, rather than to completion. Although Dawson argued at the hearing

_____

[2] This was Dawson's second revocation hearing. The first took place on December 12, 2007 during which Dawson admitted to violating some of the conditions of his release and was granted a six-month continuance "to straighten out." The district court advised Dawson that he would go to jail if he violated the terms of his supervised release during that period. On September 10, 2008, Dawson's probation officer moved for a warrant or summons on the grounds that Dawson had failed to comply with the conditions of his release between December 2007 and February 2008.

3

that he had substantially complied with the terms of his release, the district court

did not abuse its discretion in rejecting Dawson's argument and finding that

Dawson had willfully violated the conditions.

II.

We review "the sentence imposed upon the revocation of supervised release

for reasonableness." U.S. v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir.

2008). When reviewing a sentence, we must first determine that the "district court

committed no significant procedural error, such as failing to calculate (or

improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

[or] failing to consider the § 3553(a) factors." Gall v. U.S., 552 U.S. ___, ___, 128

S.Ct. 586, 597 (2007).[3]

Based on our review, we believe the record demonstrates that the district

court heard and took into account the evidence and arguments presented, see Rita

v. U.S., 551 U.S. 338 (2007), and adequately considered the § 3553(a) factors.[4]

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

[4] Dawson challenges the procedural reasonableness of his sentence for the first time on appeal. Ordinarily, we review objections to sentencing issues not raised in the district court for

4

First, the court heard testimony by multiple witnesses, as well as argument by Dawson regarding, among other things, his substantial compliance with the terms of his supervised release. In pronouncing its sentence, the court found, based on the testimony presented and Dawson's own admissions, that Dawson had willfully violated the terms of his supervised release and that the violation was particularly serious in light of the court's warning at the first revocation hearing that Dawson would face prison time if the violations continued. Therefore, we believe the record makes clear that the court sentenced Dawson to eight months of prison time based on the individual circumstances of Dawson's case and in order to make sure that he took the terms of his release seriously, to deter him from future violations, to promote respect for the rule of law, and to provide just punishment.

Moreover, Dawson's eight-month sentence (at the low end of the Guideline range) had in fact been requested both by the government and defense counsel. Therefore, Dawson invited the sentencing error he now challenges, and, absent extraordinary circumstances, we will not disturb the district court's sentence. See U.S. v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (doctrine of invited error "precludes a court from invoking the plain error rule and reversing") (quotation

---

plain error. U.S. v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003). However, we need not address the appropriate standard of review in this case, because, as discussed below, Dawson's argument fails under both reasonableness review and the invited error doctrine.

and citation omitted); <u>U.S. v. Stone</u>, 139 F.3d 822, 838 (11th Cir. 1998) (noting that appellate courts ordinarily will not review an error invited by the defendant "on the rationale that the defendant should not benefit from introducing error at trial with the intention of creating grounds for reversal on appeal").

The judgment of the district court is

**AFFIRMED.**