[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15474
Non-Argument Calendar
_____

Docket No. 1:10-cr-00172-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VANCE LEWIS WHETSTONE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 4, 2013)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Vance Lewis Whetstone appeals the revocation of his supervised release and his resulting 18-month sentence.  The district court concluded that Whetstone violated the conditions of his supervised release by (1) possessing counterfeit drugs with intent to distribute and (2) by failing to report to his probation officer.  No reversible error has been shown; we affirm.

On appeal, Whetstone argues that the district court violated his due process rights by improperly admitting hearsay evidence at his revocation hearing.  Whetstone contends that -- absent the impermissible hearsay testimony -- insufficient evidence existed to prove that he possessed counterfeit drugs with intent to distribute.  As a result, Whetstone argues that the district court erred in considering the counterfeit drug offense when calculating the guidelines range and that his sentence is procedurally unreasonable.

We review a district court's evidentiary decisions, as well as the revocation of supervised release, for abuse of discretion.  United States v. Novaton, 271 F.3d 968, 1005 (11th Cir. 2001) (evidentiary decisions); United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994) (revocation of supervised release).

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic." Frazier, 26 F.3d at 114.  Even at revocation hearings, defendants "are entitled to certain

minimal due process requirements" including "the right to confront and cross-examine adverse witnesses."  Id.; see also Fed.R.Crim.P. 32.1(b)(2)(C) (noting that before supervised release is revoked, "[t]he person is entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear").

"Thus, in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." Frazier, 26 F.3d at 114. When a court admits hearsay evidence without engaging in this balancing test, the court violates the defendant's due process rights.  Id.  But, the error is harmless if the properly considered evidence -- by itself -- is sufficient to support the district court's conclusion that the defendant violated the terms of his supervised release. Id.

At the revocation hearing, the district court -- over Whetstone's hearsay objection -- permitted a police officer to testify about what witnesses said about Whetstone's possible connection to the counterfeit drugs discovered in a hotel room.  The government proffered no basis for failing to call the absent witnesses to testify, and the district court did not balance expressly the government's failure to produce absent witnesses against Whetstone's right to confrontation.  We will suppose that the district court violated Whetstone's due process rights.

Even if the district court erred in this respect, the error was harmless, however, because the non-hearsay evidence was sufficient for the district court to conclude that Whetstone possessed the counterfeit drugs. See id.; United States v. Robinson, 893 F.2d 1244, 1245 (11th Cir. 1990) (explaining that the evidence need only reasonably satisfy the district court that the defendant violated the conditions of his supervised release; proof beyond a reasonable doubt is not required).

For example, the hotel room where the counterfeit drugs were located was rented under a false name which matched the name on a driver's license in Whetstone's possession. Whetstone also told the officer that the drugs were counterfeit and admitted that he was in the business of selling counterfeit drugs. In the light of this evidence, the district court abused no discretion in concluding that Whetstone possessed the counterfeit drugs and, thus, violated the terms of supervised release. See United States v. Woodard, 531 F.3d 1352, 1360 (11th Cir. 2008) (explaining that a defendant's constructive possession of a substance may be demonstrated by showing that defendant's ownership or dominion and control over the drugs).

Because the district court considered properly Whetstone's possession of counterfeit drugs in calculating the guidelines range, Whetstone's sentence is procedurally reasonable.

AFFIRMED.

4