[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11623
Non-Argument Calendar
_____

D.C. Docket No. 4:05-cr-10006-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE CARTAYA-ACOSTA,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 4, 2013)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jorge Cartaya-Acosta appeals the revocation of his supervised release based,

in part, on the district court's determination that he committed petit theft when he

attempted to steal diesel fuel and tractor-trailer lights from U.S. Sugar, Inc. and Sugarland Harvesting (collectively U.S. Sugar), in violation of FLA. STAT. § 812.014(3)(a).

In 2005, a jury found Cartaya-Acosta guilty of a single count of forcibly assaulting federal officers and employees with a deadly weapon, in violation of 18 U.S.C. § 111(a) and (b). The district court subsequently sentenced him to 72 months' imprisonment and two years of supervised release. Among the terms of his supervised release was the requirement that he not commit another federal, state, or local crime. Cartaya-Acosta's term of supervision began on July 16, 2010, and on June 5, 2012, his probation officer petitioned the court for an arrest warrant, stating that Cartaya-Acosta had violated the mandatory conditions of his supervised release by committing several crimes.

At an evidentiary hearing held before a magistrate judge, the government presented testimony from two police officers involved in Cartaya-Acosta's arrest on the night of the alleged theft. On the night of May 28, 2012, Deputy Blake Branaman (Branaman) of the Hendry County Sheriff's Office was off-duty and monitoring U.S. Sugar's properties for illegal activity, pursuant to a private contract for employment. While patrolling property in Glades County, Branaman saw a white pickup truck with two men whom he did not recognize inside traveling in the opposite direction. He also saw a number of fifty-five-gallon barrels in the

2

truck bed partially covered with a tarp.  Suspecting criminal activity, Branaman began to turn around to follow the vehicle, at which point the truck immediately fled the area.  Branaman called other officers for assistance and continued to pursue the truck until he lost sight of it.

Deputy Micah Thomas, also of the Hendry County Sheriff's Office, apprehended the truck in a neighborhood in Moore Haven.  Cartaya-Acosta had been driving the truck, and his brother was in the passenger seat.  Branaman reported to the scene and found the same truck he had observed earlier.  The barrels were no longer in the truck bed.  Branaman also detected a strong odor of diesel and saw several taillights and side lights lying in the back seat of the truck. Later, he found that those lights were of the same type that had been removed from a trailer on the property.  Branaman and other officers found several fifty-five- and thirty-gallon fuel barrels, containing less than one gallon of diesel fuel, and an electric fuel pump with a hose attached approximately one-and-one-half blocks from where they stopped the truck.  Officers also found a battery and jumper cables inside the truck, which purportedly could be used to power the pump.

Another officer further testified that he had interviewed two eyewitnesses in the area that night.  They stated that two men pulled up in front of their apartment building in a pickup truck, exited the truck, and removed several barrels, a pump, and other items from the truck before driving away.  The witnesses then observed

3

that same truck being stopped by Thomas after unloading its cargo.  The officers also found a cut lock on a fuel tank on U.S. Sugar property.  They observed footprints similar to the shoes Cartaya-Acosta was wearing that night.

The district court subsequently found that Cartaya-Acosta violated his conditions by committing petit theft, criminal mischief, and loitering and prowling, three Grade C violations, as well as being absent from the district without permission.  As a result, the court revoked his term of supervised release and sentenced him to 9 months' imprisonment.

On appeal, Cartaya-Acosta argues that there was insufficient evidence for the district court to conclude that he committed petit theft by allegedly attempting to steal diesel fuel or tractor-trailer lights from U.S. Sugar's property.[1]

We review the district court's revocation of supervised release, as well as the underlying evidentiary decisions, for an abuse of discretion.  *See United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994); *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001).

A district court may revoke a defendant's term of supervised release and impose a term of imprisonment if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release.  18 U.S.C. § 3583(e)(3).  The evidence need only reasonably satisfy the court that the

---

[1] Cartaya-Acosta explicitly states that he is not challenging the district court's determinations regarding his other violations of supervised release.

defendant did not comply with the conditions of his supervised release, and proof establishing his guilt beyond a reasonable doubt is not required. *See United States v. Robinson*, 893 F.2d 1244, 1245 (11th Cir. 1990) (per curiam). Moreover, in reviewing a sufficiency of the evidence challenge in a criminal action, we accept reasonable inferences made by the factfinder. *United States v. Hope*, 901 F.2d 1013, 1021 (11th Cir. 1990) (per curiam.

> Under Florida law, a person commits theft if he
>
>> knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>>
>> (a)  Deprive the other person of a right to the property or a benefit from the property[, ] [or]
>>
>> (b)  [a]ppropriate the property to his . . . own use or to the use of any person not entitled to the use of the property.

FLA. STAT. § 812.014(1). Theft of any property not specified in subsection (2) of the same statute constitutes petit theft in the second degree. FLA. STAT. § 812.014(3)(a). Upon review and consideration of the parties' briefs, we affirm.

Here, the district court did not err because sufficient evidence, revealed through the testimony of the arresting officers, existed to support its conclusion that Cartaya-Acosta violated the conditions of his supervised release by stealing or attempting to steal U.S. Sugar's fuel and light fixtures, in violation of FLA. STAT. § 812.014(3)(a). *See Robinson*, 893 F.2d at 1245; *Hope*, 901 F.2d at 1021. Cartaya-

Acosta's complains that the government largely relied on circumstantial evidence to prove that he committed petit theft.  However, "[c]ircumstantial evidence can be and frequently is more than sufficient to establish guilt beyond a reasonable doubt. The test for evaluating circumstantial evidence is the same as in evaluating direct evidence." *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982). Therefore, the district court did not abuse its discretion in revoking his supervised release on that basis, and we affirm.

**AFFIRMED.**