[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15874
Non-Argument Calendar

_____

D.C. Docket No. 1:92-cr-01025-MP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TURNER BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 12, 2013)

Before PRYOR, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Turner Baker appeals the revocation of his supervised release and his

sentence of 33 months of imprisonment.  See 18 U.S.C. § 3583(e)(3).  Baker

argues that the evidence was insufficient to establish that he violated the conditions of his supervised release by possessing with intent to distribute marijuana, possessing drug paraphernalia, and fleeing or eluding law enforcement. Baker also challenges the procedural reasonableness of his sentence. We affirm.

The record supports the decision of the district court to revoke Baker's supervised release. Officer Tony Lipski of the Gainesville Police Department testified that he activated his siren to alert Baker to stop for a traffic offense, but Baker fled from the officer, weaved through travel and bicycle lanes, and drove into oncoming traffic at varying speeds. Lipski observed Baker making "quick furtive movements with his arm . . . in a scooping motion" while he was driving. Baker told Lipski that possessing marijuana was a "trivial violation" before officers discovered in the passenger seat of Baker's vehicle a backpack containing nine plastic bags of marijuana and approximately $50 in cash. Lipski testified that, in his experience, the packaging of the marijuana and its close proximity to the cash suggested that the drugs were intended for distribution. The district court was entitled to discredit Baker's testimony that he was confused and disoriented when he committed the traffic offenses, that the backpack belonged to his girlfriend, Donna Arnold, and that he was unaware of the marijuana in the backpack. And the district court was entitled to treat Baker's testimony as substantive evidence of his guilt. See United States v. Ellisor, 522 F.3d 1255, 1272 (11th Cir. 2008). Baker

2

elicited testimony from an investigator and his probation officer that Arnold later claimed the marijuana, but the investigator also testified that Arnold stated that she had told Baker about the marijuana. The district court found that "the evidence and all inferences that can be drawn from it" proved that Baker had "12 grams or nine baggies" of marijuana "that he did in fact possess . . . with intent to distribute" and that the video "substantiate[d] the testimony of Officer Lipski" about "eluding." The record supports the finding that the government proved by a preponderance of the evidence that Baker possessed marijuana with the intent to distribute, possessed drug paraphernalia, and fled from a police officer. See United States v. Robinson, 893 F.2d 1244, 1245 (11th Cir. 1990).

Baker's sentence is reasonable. The district court correctly calculated Baker's advisory guideline ranges, "consider[ed] all of the factors set forth in the guidelines," see 18 U.S.C. § 3553(a), and imposed sentences at the low end of the guideline ranges. The district court revoked Baker's three terms of supervised release for assault with a dangerous weapon during a bank robbery, id. § 2113(a), (d), using a firearm during a crime of violence, id. § 924(c), and possessing a firearm as a convicted felon, id. § 922(g). As an armed career criminal, Baker faced a maximum sentence of life imprisonment for possessing a firearm, id. § 924(e)(1), a Class A felony, id. § 3559(a)(1), for which he faced a longer sentence upon revocation of his supervised release. Baker's most serious violation

of his supervised release, possessing with intent to distribute marijuana, was a Grade A violation, see U.S.S.G. § 7B1.1(a)(1); Fla. Stat. § 775.084(4)(C)(1)(d), and his advisory guideline range was 24 to 30 months of imprisonment for assault and using a firearm and 37 to 46 months of imprisonment for possessing a firearm. See U.S.S.G. § 7B1.4(a). The district court advised Baker of the sentencing ranges for a Grade A violation and that he faced a maximum statutory penalty of five years of imprisonment for each of his three violations of supervised release, which also was consistent with being sentenced for a Grade A violation, see 18 U.S.C. § 3583(e)(3). In response to Baker's request to reduce his sentence for time served in state custody, the district court varied below the guideline ranges and sentenced Baker to concurrent terms of 20 months for assault, 20 months for using a firearm, and 33 months for possessing a firearm. The district court did not abuse its discretion.

We **AFFIRM** the revocation of Baker's supervised release and his sentence.