[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12195

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00188-CR-T-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 21, 2006)**

Before BIRCH and CARNES, Circuit Judges, and TRAGER*, District Judge.

PER CURIAM:

---

* Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

This is Marvin Thomas' appeal from his conviction and fifty-one month sentence for violating 18 U.S.C. § 500 by negotiating stolen money orders. Having studied the briefs and heard oral argument, we reject all three of his contentions.

The district court did not abuse its discretion by admitting evidence Thomas committed the robbery that was the source of the stolen money orders he negotiated. Thomas' defense was that he did not know the money orders were stolen, and the evidence that he was the one who stole them was highly relevant to prove the knowledge element of the crime. As a result, admission of the evidence did not violate Fed. R. Evid. 404(b).

There was no error in the admission into evidence of statements Thomas made during interrogation after he had refused to answer one particular question. Despite having been informed of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), Thomas did not invoke his right to remain silent. The refusal to answer a specific question is not tantamount to an invocation of rights as to other questions. See United States v. Mikell, 102 F.3d 470, 477 (11th Cir. 1996).

Finally, the district court judge did not either explicitly or implicitly treat the guidelines as mandatory, nor is there any indication that he refused to consider

2

the factors set out in 18 U.S.C § 3553(a).  Our review of the sentencing transcript convinces us that the judge was well aware of and considered the § 3553(a) factors.  See generally United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

**AFFIRMED.**