[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14208
Non-Argument Calendar
_____

D.C. Docket No.  3:04-cr-00188-MEF-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN THOMAS,

Defendant-Appellant.

_____

No. 13-14701
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00101-MEF-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN THOMAS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(April 23, 2014)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

In No. 13-14208, Marvin Thomas was convicted of violating 18 U.S.C. § 500 by negotiating stolen money orders and sentenced to prison for 51 months. *See United States v. Thomas*, 176 Fed. Appx. 997 (11th Cir. 2006) (affirming conviction and sentence). In No. 13-14701, Thomas was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced to prison for 37 months, with 12 of those months to run consecutively to the 51-months sentence.

After Thomas served these prison terms, he was placed on a three-year term of supervised release. Then, on April 12, 2012, he was convicted in Georgia state court in two cases—theft of property and criminal trespass and given concurrent prison sentences of 60 months. His federal probation officer thereafter petitioned the District Court to revoke his supervised release due to those two state-court convictions and because he failed to pay restitution, failed to obtain employment and tested positive for marijuana use. The District Court, following a revocation

2

hearing, revoked his probation and sentenced him to prison on each of the charged violations for concurrent terms of 24 months—the Guidelines range.[1]  He now appeals his sentences.

On appeal, Thomas first argues that the Government failed to present sufficient evidence at the revocation hearing to establish that he willfully failed to pay restitution or obtain employment while on supervised release.  That is, he contends that the District Court was required to consider whether he made a good-faith effort to comply with these terms of his supervised release and whether there were mitigating circumstances that excused his noncompliance.  Thomas then argues that his sentences were substantively unreasonable because the court also failed to consider the time he spent in prison in the State of Alabama for the new criminal offenses underlying the revocations of his supervised release.  We find no merit in his arguments and accordingly affirm.

I.

We review the district court's determination that a defendant violated the terms of his supervised release for an abuse of discretion.  *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994).  A district court's findings of fact in a revocation hearing are reviewed for clear error.  *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).  Clear error will be present when we are "left with

[1] Thomas's Guidelines range was 33 to 41 months based on a Grade A violation and a criminal history category of VI.  Twenty-four months became the range because his previous convictions in his two federal cases were for Class C felonies.

a definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (citation omitted).

A court may revoke a defendant's term of supervised release and impose a prison sentence when it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). In determining whether a violation warrants revocation, a district court "should consider whether the probationer made a 'good faith' effort to comply with the terms of his probation and whether there are mitigating circumstances which excuse his noncompliance." *United States v. Holland*, 874 F.2d 1470, 1473 (11th Cir. 1989) (discussing revocation of probation).

The District Court had sufficient evidence before it on which to find that Thomas had violated the employment and restitution conditions of his supervised release. Specifically, he had not made a good-faith effort to find employment or pay restitution. We thus find no lawful reason for disturbing the court's decisions on those two bases for revoking Thomas's supervised release.

## II.

We review sentences imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Reasonableness is reviewed under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169

4

L.Ed.2d 445 (2007).  The party who challenges the sentence bears the burden of showing that the sentence is unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2008).  In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guidelines range, treated the Guidelines as advisory, considered the factors in 18 U.S.C. § 3553(a), did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597 (2007).  If we determine that a sentence is procedurally sound, we then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Id.*

Thomas did not object to the reasonableness of his sentences in the District Court.  We therefore review the reasonableness for plain error.  "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  We will recognize plain error "only if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quotation omitted) (alteration in original).

Section 3583(e)(3) of Title 18 of the United States Code requires a district court to consider the following 18 U.S.C. § 3553(a) factors in imposing sentence upon revocation of supervised release:  the nature and circumstances of the

5

offense; the history and characteristics of the defendant; the need to deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with education or treatment; the applicable guidelines range; pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3583(e)(3); *see also* 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7).  The record reveals that the court considered these factors.  Thomas says that the court failed to consider the time he spent in prison in the State of Alabama for the new criminal offenses and to give him credit for such time.  We find nothing in binding precedent or the applicable federal statutes that would have informed the court that it had to afford Thomas credit for the time served in state custody.  He therefore fails to establish that error, much less, plain error occurred when the court sentenced him to prison for an additional 24 months.

AFFIRMED.